Karen Luong (SBN 246809)
karen.luong@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand, Suite 2850
Los Angeles, CA 90071
213.337.6550 Telephone
213.337.6551 Fax

Dustin L. Taylor (admitted *pro hac vice*)
dustin.taylor@huschblackwell.com
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
Denver, CO 80202
303.749.7200 Telephone
303.749.7272 Facsimile

***Attorneys for Defendant***
***G6 Hospitality LLC***

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA SYNDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>G6 HOSPITALITY LLC,<br><br>Defendant. | Case No: 5:24-cv-02423-AH-SHK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT G6 HOSPITALITY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date/Time: July 2, 2025 at 1:30 p.m.<br>Ctrm: 7D<br>Judge: Hon. Anne Hwang<br><br>Amended Complaint filed: April 28, 2025<br>Trial Date: Not Set |

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 2

A. Motel 6's Original Motion to Dismiss Established Plaintiff Consented to the Alleged Tracking Behavior. .......... 2

B. This Court Dismissed the Complaint After Finding Plaintiff Consented to the Alleged Activity When She Agreed to the Privacy Policy .......... 4

C. Plaintiff's First Amended Complaint Makes Minimal Changes. .......... 4

D. The Privacy Policy on the Website Before 2024 Also Discloses the Alleged Activity Underlying Plaintiff's Claims. .......... 5

III. PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6) .......... 6

A. Plaintiff's Wiretapping Claim Must Be Dismissed. .......... 6

1. Plaintiff consented to use of the Meta Pixel on Motel 6's Website. .......... 6

a. The current privacy policy discloses the alleged activity. .......... 7

b. The 2021 privacy policy disclosed the alleged activity. .......... 8

2. The discovery rule cannot toll the statute of limitations applicable to Plaintiff's claims. .......... 9

B. Plaintiff's Invasion of Privacy Claim Must Be Dismissed. .......... 10

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hill v. National Collegiate Athletic Association*,
7 Cal.4th 1 (1994) ........ 11

*Javier v. Assurance IQ, LLC*,
649 F.Supp.3d 891 (N.D. Cal. 2023) ........ 10

*Lakes v. Ubisoft, Inc.*,
No. 24-CV-06943-TLT, 2025 WL 1036639 (N.D. Cal. Apr. 2, 2025) ........ 7

*Leonel v. American Airlines, Inc*.,
400 F.3d 702 (9th Cir. 2005) ........ 11

*Rodriguez v Autotrader.com, Inc*.,
No. 2:24-cv-08735-RGK, 2025 WL 65409 (C.D. Cal. Jan. 8, 2025) ........ 6

*Saedi v. SPD Swiss Precision Diagnostics GmbH d/b/a Clearblue et al.*,
2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) ........ 10

*Silver v. Stripe Inc.*,
No. 4:20-cv-08196-YGR, 2021 WL 3191752 (N.D. Cal. July 28, 2021) ........ 8

*Smith v. Facebook, Inc.*,
262 F.Supp.3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App's 8 (9th Cir. 2018) ........ 9

**Rules**

Cal. Civ. Proc. § 340(a) ........ 9

Cal. Civ. Proc. § 3515 ........ 11

Federal Rule of Civil Procedure 12(b)(6) ........ 6

**Constitutional Provisions**

Cal. Const. Art. I, § 1 ........ 10

## I. INTRODUCTION

Plaintiff's First Amended Complaint should be dismissed because it does not correct the issues that resulted in dismissal of Plaintiff's original complaint. Plaintiff originally alleged that when she accessed the Website in 2024, Motel 6 shared information about Plaintiff's request for a room with third-party Meta. The Court dismissed that complaint after finding Plaintiff consented to the alleged activity via the Plaintiff's agreement to the Privacy Policy.

The amended complaint is substantially the same but now alleges Plaintiff first booked a room in 2022 (rather than the "throughout the past three years" alleged in the original complaint), that the privacy policy did not specifically mention Meta at that time, and that Plaintiff's failure to bring the lawsuit in 2022 was because "[t]he Meta Pixel was and is entirely invisible to a website visitor." ECF No. 24, ¶ 7, ¶¶ 68–77. Plaintiff also alleges the transmitted information includes when Plaintiff completed a check-out. *Id.* at ¶ 38.

The allegations of misconduct, however, remain in 2024. Plaintiff does not allege Motel 6 used the Pixel in 2022 or that her information was shared with any third-party. Plaintiff instead relies on the same screenshots from her original complaint. Moreover, although Plaintiff alleges the pixel is "entirely invisible" to a website visitor, she includes screenshots obtained as a website visitor showing use of the pixel in 2024. Plaintiff's amended complaint does not cure the deficiencies from the original complaint and should be dismissed for the same reason: Plaintiff consented to the alleged disclosure when she unquestionably agreed to the privacy policy when making her reservation. As this Court originally found, regardless of whether the information qualifies as a "guest record," Plaintiff agreed and consented to disclosure of the information.

Even if Plaintiff had alleged use of the Meta Pixel in 2022, Plaintiff's First Amended Complaint should be dismissed because Plaintiff consented to the alleged activity when she agreed to the privacy policy that was in effect in 2022. Plaintiff

cannot rely on the delayed discovery doctrine where, as here, she was on notice due to the privacy policy.

Plaintiff's First Amended Complaint is based on activity in 2024 and the Court has already dismissed those claims after finding Plaintiff consented via the privacy policy. Even if the Court finds Plaintiff now alleges the harm occurred in 2022 or March 2023, Plaintiff's claims are barred under the one-year statute of limitations under CIPA. Plaintiff cannot rely on the delayed discovery doctrine because the privacy policies put Plaintiff on notice of the alleged activity. Regardless, Plaintiff also consented via the privacy policy in effect in 2022 and when making subsequent reservations. Plaintiff's claims should therefore be dismissed with prejudice.

## II. STATEMENT OF FACTS

### A. Motel 6's Original Motion to Dismiss Established Plaintiff Consented to the Alleged Tracking Behavior.

This is Plaintiff's amended complaint. Plaintiff originally filed a complaint on November 13, 2024. ECF No. 1. Motel 6 filed a motion to dismiss the complaint on February 27, 2025, arguing in part that Plaintiff had consented to the alleged behavior when the plaintiff agreed to the "rate and room policies," including the privacy policy, when making her reservations. ECF No. 15 at pp. 5–7, 16–17. As Motel 6 explained in its original motion to dismiss:

> …a user, including Plaintiff, is required to agree to the "rate and room policies of the reservation." ECF No. 1 at ¶ 27 (Fig. 3). Figure 3 in Plaintiff's complaint references the "rate and room policies" such that Plaintiff had notice of the policies, and Plaintiff necessarily relies on those policies when she claims she did not consent to the alleged disclosure.
>
> The Website conspicuously provides the "rate and room policies" under the "Confirm Booking" button. Pareek Decl. [ECF No. 16], ¶¶ 10–13. The "Cancellation Policy "Motel Policy," and "Special Rate Notice – Valid ID" are provided verbatim underneath the "continue" button. *Id.* at ¶ 12. Links to the "Motel 6 Privacy Policy," "Motel 6 Reservation Policy,"

> "COVID-19" notice, and "Guest Disclosure Notice" are also provided and users are instructed to "PLEASE READ" in bold and all capital letters. *Id.* at ¶ 13. The links to the aforementioned policies, including the "View the Motel 6 Privacy Policy" link, are then presented in a font larger than the text prior to the links. *Id.*
>
> The Motel 6 privacy policy discloses the alleged data collection. Under the "Personal Data We Collect" section of its privacy policy, Motel 6 discloses it collects from users their name, email address, telephone number, physical address, and credit card information when a user books a hotel room, and other personal data when a user uses the Website through cookies and other tracking technologies. Ex. B [to ECF No. 16]. The privacy policy then discloses that Motel 6 may share collected personal data with "vendors who perform business, data, or Site-related services on our behalf (e.g., reservation processing providers, guest services, information technology providers, **marketing providers**)." *Id.* (emphasized).
>
> Further, under the "Notice to California Residents" section, the privacy policy states Motel 6 collects online identifiers (name, postal address, online identifier, Internet Protocol address, email address, or other similar identifiers); commercial information (records of purchasing or consuming histories or tendencies, or other commercial information); and Internet or other electronic network activity information (browsing history; search history; and information regarding consumer's interaction with the website, application or advertisement). *Id.* The Privacy Policy also discloses Motel 6 collects this information for the purpose of "providing advertising and marketing services." *Id.*
>
> The privacy policy additionally informs users Motel 6 discloses the above collected personal information to marketing providers, and sells or shares unique personal identifiers (e.g. device identifiers; cookies, pixel tags, mobile ad identifiers or other forms of persistent or probabilistic identifiers that can be used to identify a particular consumer or device) to marketing providers. *Id.* Users, including Plaintiff, consent to this collection when they book a reservation.

ECF No. 15 at pp. 5–7.

### B. This Court Dismissed the Complaint After Finding Plaintiff Consented to the Alleged Activity When She Agreed to the Privacy Policy

Plaintiff did not argue she had not agreed to the Privacy Policy but rather that the policy was silent as to the specific disclosures Plaintiff alleges occurred because there was no disclosure that Motel 6 "shares hotel booking information (i.e., 'guest record' information) with third parties, like Meta." ECF No. 19 at 11. This Court disagreed, finding the Motel 6 privacy policy:

> [E]xtensively explains the disclosures Plaintiff is alleging. The privacy policy specifically mentions Facebook ("Meta") multiple times and instructs users what type of data Defendant collects if the user logs in with their Facebook account. Reply, Dkt. No. 20, at 6; Parek Decl., Ex. B, Dkt. No. 16-2, at 2-4. Under the "Notice to California Residents" section, Defendant discloses that it collects (1) identifiers; (2) commercial information, including "records of purchasing and consuming histories or tendencies"; and (3) internet network activity, including "search history and information regarding consumer's interaction with the website." Reply at 6; Parek Decl., Ex B, at 7-8. Defendant discloses all these categories as having been sold to "marketing providers." Reply at 6; Parek Decl., Ex B, at 8-10.

ECF No. 23 at 6.

### C. Plaintiff's First Amended Complaint Makes Minimal Changes.

On April 28, 2025, Plaintiff filed her First Amended Complaint, which differs only slightly from the original complaint. ECF No. 24. Specifically, the amended complaint:

- Alleges Plaintiff first booked on the Website specifically in 2022—rather than alleging she had booked reservations "throughout the past three years"—and, following that booking, has booked several other overnight stays. *Id.* at ¶ 7.
- Alleges the Meta Pixel transmits information when the user clicks the "Confirm Booking" button on the Website. *Id.* at ¶ 38; *see also Id.* at ¶ 52

and ¶ 64.

- Adds allegations regarding how Meta can use the information it receives from companies such as Motel 6. *Id.* at ¶¶ 45–46.
- Alleges Motel 6 actively transmits both the Facebook ID and the search information to Meta. *Id.* at ¶¶ 64–66.
- Adds Section F (“Tolling of Claims”), including allegations that “[t]he Meta Pixel was and is entirely invisible to a website visitor.” *Id.* at ¶¶ 68–77. Plaintiff also alleges Motel 6’s privacy policy as of 2022 did not disclose use of the Meta Pixel on the website in 2022 or that “guest record” information was being disclosed. *Id.* at ¶ 77.

### D. The Privacy Policy on the Website Before 2024 Also Discloses the Alleged Activity Underlying Plaintiff’s Claims.

Plaintiff’s amended complaint alleges she first booked a stay in 2022 and directly references the disclosures made on the Website. ECF No. 24 at ¶ 77. The privacy policy on the Website in 2022 is largely the same as the disclosures in 2024 and today. *Compare* Ex. A (2024 Policy) *with* Ex. B (2021 Policy) to Declaration of Samridh Bhardwaj (“Bhardwaj Decl.”). The Privacy Policy available in May 2022 was last updated November 1, 2021. Ex. A to Bhardwaj Decl. at 1. Users consented to the collection and disclosure of “Details of your stay at our properties (such as arrival and departure dates)” and “social media account information.” *Id.* The 2021 Privacy Policy also discloses Motel 6 may disclose this information to other parties, including to perform targeting advertising, which includes advertisements from Motel 6 displayed on other companies’ websites or apps. *Id.* at 2–3. It also discloses the use of “persistent cookies.” *Id.* at 4.

Under the heading “How We Collect and Use Personal Information,” the 2021 Privacy Policy discloses information is both collected for marketing purposes and shared to businesses that provide G6 with marketing and advertising services. *Id.* at 5. The 2021 Privacy Policy specifically identifies the user’s name and other

identifiers, "Purchase History and Tendencies" such as "products or services" both "purchased" and "considered," and internet activity, including "browsing history, clickstream data, [and] search history." *Id.* at 6–7. The 2021 Privacy Policy discloses that all this information is collected for marketing purposes and shared with marketing providers. *Id.*

Motel 6's records also show Plaintiff booked a room in 2023. Bhardwaj Decl., ¶ 6. This is consistent with Plaintiff's allegation that she booked several other overnight stays since 2023. ECF No. 24, ¶ 7.

## III. PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6)

Plaintiff's amended complaint must be dismissed because it again shows Plaintiff consented to the behavior she now alleges violates her rights.

### A. Plaintiff's Wiretapping Claim Must Be Dismissed.

Plaintiff's amended complaint is substantially similar to her original complaint that this Court dismissed after finding Plaintiff consented to the alleged behavior. The only relevant changes are that Plaintiff now alleges the Website transmits the Facebook ID (which is still something Facebook created and originally possessed) along with the search information. Yet, as this Court previously found, the privacy policy discloses this information is shared with third parties. ECF No. 23 at 6–7.

#### 1. Plaintiff consented to use of the Meta Pixel on Motel 6's Website.

Courts consider arguments that a plaintiff consented via the privacy policy provided the defendant establishes it obtained actual or constructive notice from the plaintiff. *See, e.g., Rodriguez v. Autotrader.com, Inc.*, No. 2:24-cv-08735-RGK, 2025 WL 65409 (C.D. Cal. Jan. 8, 2025); *Lakes v. Ubisoft, Inc.*, No. 24-CV-06943-TLT, 2025 WL 1036639, at *6 (N.D. Cal. Apr. 2, 2025) (finding "a reasonable user would understand from the Privacy Policy that he or she is consenting to the use of cookies including by third parties").

Here, Plaintiff consented to the Privacy Policy at least when she made a room reservation, which she alleges she has done several times since 2022. ECF No. 24, ¶ 7. To complete each booking, Plaintiff was required to affirmatively check a box stating, "I agree to the rate and room policies of this reservation.*." *Id.* at ¶ 27 (Fig. 4). The "rate and room policies" are conspicuously provided below the "Confirm Booking" button on the same page as the check box and are collectively indicated by an asterisk corresponding to the asterisk at the end of the statement of agreement. The link "View the Motel 6 Privacy Policy" is provided as part of the "rate and room policies" and is displayed in bold and in a larger font than the preceding text.

**a. The current privacy policy discloses the alleged activity.**

Plaintiff's First Amended Complaint only alleges information was sent to Meta in 2024/2025 when Plaintiff made the inquiry and reservation shown in Figures one through six. As Motel 6 explained and the Court agreed, the current privacy policy sufficiently discloses the behavior about which Plaintiff now complains. ECF No. 15 at 16–17. Specifically, the privacy policy discloses Motel 6 collects a user's data when a user books a hotel room, specifically a user's name, email address, telephone number, physical address, and credit card information. Bhardwaj Decl., Ex. B. It also alerts users to the Website's use of cookies and other tracking technologies that capture the pages on the Website a user accesses and what a user clicks on while on the Website. *Id.* The privacy policy further states, under the "How We Share Your Personal Data" section, that the data Motel 6 collects may be shared with vendors who perform business, data, or Website-related services on Motel 6's behalf, including marketing providers. *Id.* And, under the "Notice to California Residents" section, the privacy policy reiterates that Motel 6 collects data from users when they access the Website, including online identifiers (name, postal address, online identifier, Internet Protocol address, email address, or other similar identifiers); commercial information (records of purchasing or consuming histories or tendencies, or other commercial

information); and Internet or other electronic network activity information (browsing history; search history; and information regarding consumer's interaction with the website, application or advertisement). *Id.* The "Notice to California Residents" again provides that the above-mentioned categories of data Motel 6 collects are disclosed to marketing providers, which includes Facebook. *Id.* These notifications of collection and disclosure in the privacy policy encompass all of the data Plaintiff now alleges were disclosed without her consent. *Id.*

Plaintiff amended her Complaint to allege that Motel 6 sends information to Meta when a consumer checks out and confirms their reservation. ECF No. 24, ¶ 38. Plaintiff presumably includes this information to argue the information transmitted constitutes "guest records." Regardless of whether the information qualifies as "guest record" information, however, Plaintiff consented to this disclosure via the privacy policy, which discloses "records of purchasing" and other "commercial information." Plaintiff's claim must be dismissed as all parties to the communication consented to the alleged tracking and interception. *Silver v. Stripe Inc.*, No. 4:20-cv-08196-YGR, 2021 WL 3191752, at *3–5 (N.D. Cal. July 28, 2021).

**b. The 2021 privacy policy disclosed the alleged activity.**

Even if the Court were to find the amended complaint alleges use of the pixel in 2022 when Plaintiff first booked a reservation through the Website or if Plaintiff were given leave to again amend the complaint to add these allegations, dismissal of Plaintiff's claims is required because the 2021 Privacy Policy also disclosed the alleged activity. Although the 2021 Privacy Policy is structured differently and does not specifically mention Meta, the 2021 Privacy Policy disclosed the alleged behavior, including the collection and disclosure of "Details of your stay at our properties (such as arrival and departure dates)" and "social media account information." Bhardwaj Decl., Ex. A at 1. The 2021 Privacy Policy also discloses that Motel 6 may disclose this information to other parties, including to perform targeting advertising, which includes advertisements from Motel 6 displayed on other companies' websites or

apps. *Id.*at 2–3. It also discloses the use of "persistent cookies." *Id.* at 4. Under the heading "How We Collect and Use Personal Information," the 2021 Privacy Policy discloses information is both collected for marketing purposes and shared to businesses that provide G6 with marketing and advertising services. *Id.* at 5, *et seq*. The 2021 Privacy Policy specifically identifies the user's name and other identifiers, "Purchase History and Tendencies" such as "products or services" both "purchased" and "considered," and internet activity, including "browsing history, clickstream data, [and] search history." *Id.* at 6–7. All of this information is disclosed as being collected for marketing purposes and shared with marketing providers. *Id.* "Several courts [including this one] have held that similar disclosures constitute adequate notice of tracking activity." *Smith v. Facebook, Inc.*, 262 F.Supp.3d 943, 954 (N.D. Cal. 2017), *aff'd*, 745 F. App's 8 (9th Cir. 2018) (citing cases); Order, ECF No. 23 at 6 (citing *Smith*).

**2. The discovery rule cannot toll the statute of limitations applicable to Plaintiff's claims.**

Plaintiff's First Amended Complaint alleges Plaintiff first booked a stay in 2022. To the extent Plaintiff alleges a CIPA § 631 violation based on activity in 2022, the claim is barred by the one-year statute of limitations. Cal. Civ. Proc. § 340(a).

Plaintiff claims the statute of limitations has been tolled pursuant to the discovery rule. ECF No. 24, ¶ 74. To invoke the discovery rule, a plaintiff must plead facts to show the time and manner of their discovery and that they could not have made an earlier discovery of the injury despite reasonable diligence. *Saedi v. SPD Swiss Precision Diagnostics GmbH d/b/a Clearblue et al.*, 2025 WL 1141168, at *8 (C.D. Cal. Feb. 27, 2025). "[T]he delayed discovery doctrine 'only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action.'" *Id.* (quoting *Javier v. Assurance IQ, LLC*, 649 F.Supp.3d 891, 901 (N.D. Cal. 2023)). A plaintiff has inquiry notice of a website's privacy policy when the plaintiff recognizes the website collects their information. *Id.* at *10.

Plaintiff acknowledges "Plaintiff visited the Website, where she input a destination and the dates of her stay to look for overnight accommodations. Plaintiff selected a room at one of Defendant's California-based locations and completed the checkout process with the understanding that her sensitive trip details would not be shared with third parties such as Meta." ECF No. 24, ¶ 7. Plaintiff therefore admits to knowing Motel 6 collects her information, and she had inquiry notice of the privacy policy at the time she booked her first reservation on the Website. The privacy policy discloses Motel 6 collects and shares unique personal identifiers, commercial information, and internet network activity with "marketing providers" including Meta. The delayed discovery doctrine does not excuse.

### B. Plaintiff's Invasion of Privacy Claim Must Be Dismissed.

Article I, section 1 of the California Constitution declares privacy an inalienable right of the people of California. Cal. Const. Art. I, § 1. To assert a claim under the California right of privacy, a plaintiff must allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest. *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 712 (9th Cir. 2005) (citing *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 26 (1994)).

Consent bars a claim for invasion of privacy under the California Constitution. Cal. Civ. Proc. § 3515. As this Court identified in its order, Plaintiff's consent to the disclosure of her information bars her claim for invasion of privacy. Order, ECF No. 23, at 7. And although Plaintiff now alleges Motel 6 transmits the Facebook ID with the search information, this ignores that the Facebook ID was something Meta already possessed because Meta, not Motel 6, created the information. Plaintiff's amended complaint continues to fail to state a claim for invasion of privacy and must be again dismissed.

## IV. CONCLUSION

For these reasons, the Court should dismiss the claims in Plaintiff's amended complaint. As shown by the amended complaint, these issues are inherent to the complaint and cannot be cured via amendment. Even if Plaintiff did allege she was harmed in 2022, she consented to the behavior when she agreed to the privacy policy in place at that time. Plaintiff cannot rely on the delayed discovery doctrine where, as here, the privacy policy placed her on notice regardless of whether the pixel was "hidden."

Dated: June 2, 2025

HUSCH BLACKWELL LLP

By: */s/ Dustin L. Taylor*

Karen Luong (SBN 246809)
karen.luong@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand, Suite 2850
Los Angeles, CA 90071
213.337.6550 Telephone
213.337.6551 Fax

Dustin L. Taylor (admitted *pro hac vice*)
dustin.taylor@huschblackwell.com
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
Denver, CO 80202
303.749.7200 Telephone
303.749.7272 Facsimile

***Attorneys for Defendant G6 Hospitality LLC***

**CERTIFICATION PURSUANT TO LOCAL RULE 7-3**

I certify that the parties met by email on May 21 and 22, 2025, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

*/s/ Dustin L. Taylor*
Dustin L. Taylor

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2025, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

By: */s/ Dustin L. Taylor*
Dustin L. Taylor